IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MAY 10 2021 PM2:24
FILED-USDC-CT-HARTFORD

| | |
|---|---|
| ROY SASTROM, Pro Se,<br>    Petitioner,<br><br>v.<br><br>CONNECTICUT PSYCHIATRIC SECURITY REVIEW BOARD,<br>    Respondent. | Case No. 3:21-cv-00640(JAM)<br><br>PETITION UNDER 28 U.S.C. §2241 FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY |

## Preliminary Statement

    Roy Sastrom, the Petitioner, is a federal prisoner who is currently confined in the United States Penitentiary in Tucson, Arizona, a facility of the Department of Justice, Federal Bureau of Prisons. The Petitioner, brings this writ of habeas corpus to challenge the validity of a detainer lodged against him by the Respondent, the Connecticut Psychiatric Security Review Board, hereinafter, (Respondent), who is an independent Connecticut agency in charge of the oversight of those individuals who are found not guilty by reason of mental disease or defect of criminal charges. The Petitioner, was acquitted by reason of mental disease or defect of criminal charges by the Tolland County Superior Court in Rockville, Connecticut on April 6th, 1994. The Petitioner was subsequently committed to the jurisdiction of the Respondent for a period not to exceed forty (40) years for the purposes of "custody, care and treatment." The Respondent, held a hearing in September of 1994, and they issued a finding that the Petitioner was a person who should be confined in a hospital for mental illness, and that he had a psychiatric disability to the extent that his discharge or conditional release would constitute a danger to himself or others. The Respondent, issued an order that the Petitioner

(1).

be confined at the Connecticut Valley Hospital, Whiting Forensic Division, for the purposes of "custody, care and treatment." The Petitioner was continuously confined by order of the Respondent from Septmeber of 1994, until May 31st, 2008, when the Petitioner eloped from the Connecticut Valley Hospital while he was on a unsupervised grounds pass. The Petitioner was apprehended by the Connecticut authorities on June 3rd, 2008, three days later. Upon the Petitioner's apprehension, and arrest for escape, the Respondent failed to assert jurisdiction and custody of the Petitioner in accordance with their own findings and order. Consequently the Petitioner was jailed pending pretrial proceedings on escape charges. The Petitioner, pled guilty to escape and was sentenced to two (2) years in State prison. While the Petitioner was serving the sentence for escape, he was taken into federal custody by Federal Writ of Habeas Corpus, ad prosequendum, and arriagned on federal bank robbery charges in the District Court in Boston, Massachusetts. During the Petitioner's federal pretrial confinement, the legal question of jurisdiction, and custody was raised by the Respondent. The question was directed to the Office of the Attorney General for the State of Connecticut. That Office issued a written declaratory ruling stating that the Petitioner, after being sentenced in the Federal District Court, must be returned to the jurisdiction of Connecticut, and custody of the Respondent, and that the federal sentence would have to be lodged as a detainer. The Respondent, disregarded that decalratory ruling, and instead of asserting legal jurisdiction and custody, the Respondent rallied for the Petitioner's transfer to federal prison. The Petitioner was sentenced by the Federal District Court on October 1st, 2009, to 180

(2).

months in federal prison, and was designated to the United States Penitentiary-Canaan, and has been confined in federal prison, and abroad since March of 2010. In April of 2010, the Respondent, Director of the Connecticut Psychiatric Security Review Board, Ellen LaChance, lodged a detainer with the Federal Bureau of prisons against the Petitioner.

The Petitioner, seeks a Writ of Habeas Corpus, challenging the validity of the detainer issued and lodged against him by the Respeondent. The Petitioner pleads the following facts in support of his claim, and does so under the Penalty of Perjury pursuant to Title 28, U.S.C., §1746.

1). On or about April 6th, 1994, the Petitioner was acquitted of criminal charges by reason of mental disease or defect by the Tolland County Superior Court in Rockville, Connecticut, Honorable Jonathan Kaplan presiding. (**See attached exhibit A**).

2). On or about July 11th, 1994, the Petitioner, was committed to the jurisdiction of the Respondent, (Connecticut Psychiatric Security Review Board), for a period not to exceed forty (40) years, for the purposes of "custody, care and treatment" of a mental disorder. (**See attached exhibit B**).

3). On or about September of 1994, the Respondent, held a hearing, and ordered the Pettioner confined to the Connecticut Valley Hospital, Whiting Forensic Division for the purposes of "custody, care, and treatment" of a mental disorder.

4). The Petitioner was continuously confined to the Connecticut Valley Hospital, Whiting Forensic Division from September of 1994, until May 31st, 2008, when the Petitioner eloped from the hospital while on a grounds pass unsupervised.

5). The Petitioner was apprehended by the Connecticut authorities on or about June 3rd, 2008, and jailed pending escape charges.

6). At the time the Petitioner was apprehended, the Respondent, failed to assert legal jurisdiction, and custody, and consequently, the Petitioner, remained jailed in the Connecticut Correctional Institution, Garner, in Newtown, Connecticut.

7). The Petitioner, pled guilty to escape, and his plea was accepted by the Connecticut Superior Court, Middlesex County without question regarding the Petitioner's mental competency to stand

(3).

trial, even though the Petitioner was adjudicated legally insane by the Tolland County Superior Court in Rockville, Connecticut, and that adjudication was still a valid adjudication.

8). The Petitioner was sentenced to two (2) years by the Middlesex Superior Court for the crime of first degree escape.

9). In November of 2008, the Petitioner was taken into Federal custody, by Federal Writ of Habeas Corpus, ad prosequendum, and arraigned on federal bank robbery charges.

10). While the Petitioner was in pretrial confinement in on federal bank robbery charges, his Connecticut sentence for escape expired, however his commitment to the respondent was still active. (See attached exhibit C).

11). During the Petitoner's pretrial confinement for federal bank robbery, the Respondent, raised the question of jurisdiction, and custody of the Petitioner.

12). The specific question raised by the Respondent concerned who would get jurisdiction of the Petitioner, after he was sentenced by the Federal District Court for Armed Bank Robbery.

13). The Assistant Attorney General, Steve Strom, answered the legal quesiton in an electronic message in which he stated the following;
> "In my view, this is a legal question for us. He presently has a mitt and must go back to DOC. When his commitment to DOC is up, <u>then he must go to the custody of the PSRB if that commitment mit to the custody of the PSRB is still running, and has not expired or been modified by the court. The federal sentence will be lodged as a detainer.</u>"  (<u>See attached exhibit D</u>).

14). The Assistant Attorney General, Rosemary McGovern, counsel for the Respondent, sent an electronic message to the Respondent through their Executive Director, Ellen LaChance, stating the following;
> "See below, this is the message from AAG Strom that he said I could share with you. I'll be in touch with you about this after I circle back with Steve." (<u>See attached exhibit E</u>).

15). The Petitioner was sentenced in federal court to 180 months in federal prison. The Petitioner pled guilty to Armed Bank Robbery on June 23rd, 2009, and once again there was no question as to the Petitioner's competency even though the Petitioner had an active adjudication of insanity by a court of competent jurisdiction in the State of Connecticut that had not been vacated.

16). After the Petitioner was sentenced in the Federal District

Court in Boston, Massachusetts, the Respondent, while fully aware of the question of jurisdiction, and the declaratory ruling made by the Connecticut Attorney Generals Office, made no attempt to assert legal jurisdiction or custody of the Petitioner.

17). The Petitioner was designated by the Federal Bureau of Prisons, and brought to the United States Penitentiary-Canaan, in Waymart, Pennsylvania.

18). The Executive Director, for the Respondent, Ellen La-Chance, sent an electronic message to the United States Attorney for the District of Connecticut, Steve Reynolds, stating the following;
> "Thanks Steve for your careful review of Mr. Sastrom's many twists and turns up to this point. At sentencing, we sincerely hope that Mr. Sastrom will be transferred to serve his federal time first, before returning to the jurisdiction of the PSRB for his remaining commitment." (See attached exhibit F).

19). In April of 2010, the Respondent placed a detainer on the Petitioner with the Federal Bureau of Prisons, and made no attempt to assert jurisdiction or custody of the Petitioner. (See attached exhibit G).

20). The Respondent, has never asserted legal jurisdiction of the Petitioner, the entire time he has been incarcerated in the Federal Bureau of prisons in spite of their last order dated December 4th, 2007, which stated the following;
> "Based on the preceding facts, the Board finds that Roy Sastrom remains a person who should be confined. He has a psychiatric disability to the extent that his discharge or conditional release would constitute a danger to himself or others. Roy Sastrom shall be confined in a secured non maximum-security setting at Connecticut Valley Hospital for the purposes of care, custody and treatment." (See attached exhibit H).

21). The Respondent, has not held a hearing on the status of the Petitioner since November of 2007.

22). The Respondent, is statutorily required to hold a hearing on the status of the Petitioner, at least once every two years.

23). The Respondent, has not received a report from anyone, including the Federal Bureau of Prisons on the mental condition of the Petitioner since 2009.

24) The Respondent, is statutorily required to receive a report on the Petitioner's mental condition every six months.

25). The Respondent, as recently as March of 2021, communicated with correctional employees of the Federal Bureau of Prisons, United States Penitentiary-Tucson, falsely informing them that the

Petitioner's commitment to the jurisdiction of the Psychiatric Security Review Board is criminal in nature, as if it were a criminal sentence, and also requesting that the Bureau of Prisons transfer the Petitioner to a facility in Connecticut prior to his release, so that he can be picked up and taken into custody without any regard for due process of law in connection with extradition from the State of Arizona to Connecticut. (See attached exhibit I).

### Cause of Action

The Petitioner avers that the Respondent failed to assert jurisdiction of the Petitioner on two occasions, upon his arrest in Connecticut on June 3rd, 2008, and after he was sentenced in the Federal District Court in Boston, Massachusetts in 2009.

The Respondent, had a legal duty to assert jurisdiction, and demand the return of the Petitioner based on their own findings and order, issued in their Memorandum of Decision dated December 4th, 2007.

The Respondent had a legal duty again, to assert their jurisdiction, and demand custody of the Petitioner after he was sentenced by the Federal District Court in Boston, Massachusetts.  On that particular occasion, the Respondent, was aware of the declaratory ruling issued by the Connecticut Attorney General, Assistant Attorney General, Steve Strom.  In spite of that declaratory ruling, the Respondent failed to assert jurisdiction, and demand custody.  Instead, the Respondent, rallied for the Petitioner's transfer to federal prison, which was in violation of their own findings that the Petitioner was suffering from a psychiatric disability to the extent that his discharge or conditional release from confinement would constitute a danger to himself or others.

The Petitioner, asserts that the actions of the Respondent, described in the above paragraphs constitute a relinquisment of their jurisdiction.

The Petitioner, also asserts that the Respondent's actions deprived the Petitioner of his Constitutional rights under the Fourteenth Amendment to the United States Constitution, Due Process of Law, and Equel Protection of the Law, where the Respondent, deprived the Petitioner of the statutorily required reviews of his status as an acquittee under their jurisdiciton, and also didn't receive a periodic report on the Petitoner's mental condition for more than eleven years.

The Petitioner, is nearing release, he now has less than 17 months to serve on his federal sentence with a release date of September 27th, 2022.  Since the Petitioner's incarceration began, he has been confined in high security institutions based soley on the Respondent's detainer.  That detainer has also blocked any opportunity to enroll in the Bureau of Prisons, Residential Drug Rehab Program, and it also deprives him of early release to a halfway house.  The effects of the Respondent's failure to assert their

jurisdiction, and then actually rallying for the Petitioner's tranfer to federal prison, constitutes a violation of the Eighth Amendment to the United States Constitution. The Petitioner, asserts that the Respondent, sending a legally adjudicated insane man to federal prison for more than a decade, is cruel and unusual punishment. For moe than a decade, the Respondent, abandoned the Petitioner, expressed no interest at all in his mental health or an interest in whether or not, the Petitioner was a danger to himself or others.

Now that the Petitioner is close to release, and psychiatrically stable, the Respondent, proposes that they should be allowed to resume jurisdiction and custody, and actually bring the Petitioner back to the State of Connecticut, to be confined under conditions of maximum-security in a psychiatric hospital for the criminally insane as if he had never left. The Petitioner asserts that the Respondent, has no basis for confining him in a maximum-security Hospital, especially based on a determination and order made in December of 2007.

The Petitioner, asserts that it would be cruel and unusual punishment, a violation of the Eighth Amendment to the United States Constitution, to force the Petitioner to return to Connecticut to be confined in a psychaitric hospital under conditions of maximum-security, as there is no basis for such confinement, and also, because the Respondent relinquished jurisdiction when they legally had it, and also when they were told by their own counsel to assert, and again failed to do so.

**WHEREFORE:** The Petitioner, respectfully requests that this Court nullify the Respondent's detainer, and request that the Court order the Respondent to withdraw the detainer lodged with the Bureau of Prisons, and issue a declaratory ruling, that the Respondent relinquished jurisdiction and custody of the Petitioner.

Signed this 3rd day of May ,2021, Under Penalty of Perjury, pursuant to Title 28, U.S.C., §1746.

*Roy Dostra*