UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROY SASTROM,
    *Petitioner*,

v.

CONNECTICUT PSYCHIATRIC
SECURITY REVIEW BOARD,
    *Respondent*.

No. 3:21-cv-640 (JAM)

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
### AND DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT

The petitioner Roy Sastrom is a federal prisoner in Arizona. He is due to finish his federal sentence later this year but is subject to continuing confinement in Connecticut because of a detainer that has been lodged with federal prison authorities by the Connecticut Psychiatric Security Review Board. Sastrom has filed a petition for a writ of habeas corpus to challenge the Connecticut detainer. I will dismiss the petition without prejudice on the ground that Sastrom has yet to exhaust state court remedies before seeking habeas corpus relief in this Court.

### BACKGROUND

Sastrom was subject to a criminal trial in Connecticut Superior Court in 1994 but was acquitted by reason of mental disease or defect.[1] He was thereafter committed for a period not to exceed 40 years to the custody of the Connecticut Psychiatric Security Review Board (PSRB). The PSRB has jurisdiction over individuals who have been acquitted of criminal charges due to mental illness.[2] Following a hearing before the PSRB, Sastrom was ordered confined to the Connecticut Valley Hospital where he remained until May 2008.[3]

---

[1] Doc. #1 at 3 (¶ 1).
[2] *Ibid.* (¶ 2).
[3] *Ibid.* (¶¶ 3–4).

1

But on May 31, 2008, Sastrom walked off the grounds of the hospital.[4] He was soon apprehended and jailed on new charges for his escape from the hospital.[5] Sastrom pled guilty to escape and related charges, and he was sentenced by the Connecticut Superior Court to two years in state prison under the jurisdiction of the Connecticut Department of Correction.[6]

Then in November 2008 Sastrom was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum and arraigned on federal bank robbery charges.[7] Sastrom pled guilty in the District of Massachusetts to the charges, and in October 2009 he was sentenced to 15 years in federal prison.[8]

At the time of his federal sentencing, Sastrom's underlying commitment order to the PSRB remained in place.[9] This raised the question of which court-ordered term of detention he would serve first—his newly imposed federal sentence or the remainder of his PSRB commitment. While email messages suggest that state officials initially considered returning Sastrom to the jurisdiction of the PSRB, it was ultimately determined that he should serve his federal sentence before serving the remainder of his PSRB commitment.[10] The PSRB in turn lodged a detainer with the federal Bureau of Prisons, in which it instructed the Bureau to return Sastrom to the PSRB's jurisdiction upon the expiration of his federal sentence.[11]

Sastrom is now at a federal prison in Arizona.[12] With the end of his federal sentence approaching, he has filed in this Court a habeas corpus petition to challenge the PSRB's detainer.

---

[4] *Ibid.* (¶ 4).
[5] *Ibid.* (¶ 5).
[6] *Id.* at 3–4 (¶¶ 7–8).
[7] *Id.* at 4 (¶ 9).
[8] *Ibid.* (¶ 15); *see also USA v. Sastrom*, No. 1:08-cr-10314 (RWZ), Doc. #19 (D. Mass. 2009); *Sastrom v. United States*, 2014 WL 4079379, at *1 (D. Mass. 2014).
[9] Doc. #1 at 4 (¶ 10).
[10] *Id.* at 4–5 (¶¶ 12–14, 16–18).
[11] *Id.* at 5 (¶ 19).
[12] *Id.* at 1.

Sastrom argues that the PSRB previously "had a legal duty to assert jurisdiction . . . and demand custody" over him.[13] But he claims that the PSRB "relinquish[ed] . . . jurisdiction" over him, both when it failed to take custody of him upon his apprehension and arrest by state authorities in June 2008 and then again when it allowed him to remain in federal custody at the conclusion of his federal sentencing hearing.[14] Sastrom claims that the PSRB's pending detainer violates his constitutional rights.[15]

Sastrom has moved for summary judgment, and the PSRB has moved for dismissal.[16] Both motions involve the same issue of the validity of the detainer lodged by the PSRB.

### DISCUSSION

I first consider whether Sastrom has chosen the proper statutory vehicle for his habeas corpus petition. Although Sastrom invokes 28 U.S.C. § 2241, the PSRB argues that the petition should be treated instead as if it were filed under 28 U.S.C. § 2254.

Both of these statutes—§ 2241 and § 2254—allow a federal district court to grant habeas corpus relief. Thus, § 2241 allows a federal court to grant a writ of habeas corpus to a "prisoner ... [who is] in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Similarly, § 2254 allows a federal court to grant a writ of habeas corpus to "a person in custody pursuant to the judgment of a State court ... on the ground that [the prisoner] is in custody in violation of the Constitution ... of the United States." 28 U.S.C. § 2254(a).

Notwithstanding this ostensible overlap between § 2241 and § 2254, the Second Circuit has made clear that § 2254 is the exclusive procedural pathway for prisoners who seek to challenge custody imposed pursuant to a state court judgment. A "state prisoner ... not only may,

---

[13] *Id.* at 6.
[14] *Ibid.*
[15] *Id.* at 6–7.
[16] Docs. #11, #13.

but according to the terms of section 2254 *must*, bring a challenge to the execution of his or her [state] sentence ... under section 2254." *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003) (emphasis added). And when "an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead." *Id.* at 277. "It is the substance of the petition, rather than its form, that governs." *Id.* at 278.

In light of this precedent, I conclude that the substance of Sastrom's petition requires it to be treated as a § 2254 petition. His challenge to the PSRB's detainer is ultimately a challenge to the custody imposed upon him pursuant to a Connecticut state court judgment. Although he is presently serving a federal prison sentence, he has not named any federal respondent in this action. Instead, he names solely a state entity—the PSRB—as the respondent. Nor does he seek to alter the terms or execution of his federal sentence. Instead, the only relief he seeks is to be free from the terms of a state court custodial judgment as administered by the PSRB. Such a challenge to a state court judgment of conviction or commitment must be brought under § 2254.

Does it matter that Sastrom is presently in a federal prison and not yet in the physical custody of the PSRB? No, it does not. "The writ [of habeas corpus] may be employed to contest the validity of future as well as present restraints." *U.S. ex. rel. Meadows v. State of N.Y.*, 426 F.2d 1176, 1179 (2d Cir. 1970). Thus, the Supreme Court and the Second Circuit alike have ruled that a prisoner who is presently serving a federal prison sentence but who is subject to a state detainer is nonetheless "in custody" for purposes of a habeas corpus challenge to the prisoner's yet-to-be-served state sentence. *See Maleng v. Cook*, 490 U.S. 488, 493–94 (1989) (*per curiam*); *Meadows*, 426 F.2d at 1179.

Does it matter that Sastrom seeks to challenge a state court commitment order rather than a traditional state court criminal sentence of imprisonment? No, it does not. As the Supreme Court has explained, "federal habeas corpus review [pursuant to 28 U.S.C. § 2254] may be available to challenge the legality of a state court order of civil commitment." *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *see also Rubio v. Davis*, 907 F.3d 860, 862–63 (5th Cir. 2018) (prisoner presently serving state court criminal sentence may seek § 2254 relief to challenge state civil commitment order for which detainer has been filed).

Because Sastrom's petition is properly characterized as a § 2254 petition, he must comply with § 2254's requirement that he fully exhaust his remedies in the state courts of Connecticut before seeking relief here in federal court. *See* 28 U.S.C. § 2254(b)(1); *see also Keels v. Richards*, 2021 WL 3159765, at *1 (D. Conn. 2021) (discussing § 2254's state court exhaustion requirement). But the record does not reflect any effort by Sastrom to seek relief against the detainer in any Connecticut state court.

Therefore, I will dismiss Sastrom's § 2254 petition on the ground that he has failed to exhaust his state court remedies as § 2254 requires. For that matter, even if Sastrom's petition were treated as a § 2241 petition as Sastrom wishes, he would still be required to exhaust his state court remedies before pursuing relief here in federal court. *See ibid.*; *Wilkes v. Lamont*, 511 F. Supp. 3d 156, 166–68 (D. Conn. 2020).

One last point. I have considered whether I should permit Sastrom an opportunity to withdraw his petition rather than dismiss it. By way of background, the law generally bars a petitioner from filing more than one § 2254 petition. *See* 28 U.S.C. § 2244(b). In light of this general rule against second or successive petitions, the Second Circuit has instructed that, when a district court re-characterizes a § 2241 petition to be a § 2254 petition, it should generally afford

the petitioner an opportunity to withdraw the petition, because the petitioner—if he has only one chance to do so—may wish to assert additional or alternative grounds for relief. *See Cook*, 321 F.3d at 281–82. But this concern is not presented when a court dismisses a § 2254 petition for failure to exhaust state court remedies, because this type of dismissal is without prejudice to the filing of a renewed § 2254 petition. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000). Therefore, I may dismiss Sastrom's § 2254 petition on the ground of failure to exhaust state court remedies without the need in the first instance to afford him an opportunity to withdraw his petition. *See Green v. Quiros*, 2021 WL 1670293, at *4–5 (D. Conn. 2021).

## CONCLUSION

For the reasons set forth above, the Court GRANTS the PSRB's motion to dismiss (Doc. #13). The Court DENIES Sastrom's motion for summary judgment (Doc. #11). In light of the Court's conclusion that Sastrom has not exhausted available state court remedies, there is no need to address the remaining arguments raised in the parties' briefing. The Clerk of the Court shall close this case.

It is so ordered.

Dated at New Haven this 25th day of January 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge